IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD ANTIONE WILSON, | No. CIV S-05-2559-DFL-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| K.C. KRAMER, et al., | |
| Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1), filed on December 16, 2004, respondent's answer (Doc. 15), filed on August 2, 2006.  Petitioner has not filed a reply.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# I. BACKGROUND

**A.** <u>**Facts**</u>

The following facts are taken from petitioner's opening brief on direct appeal to the California Court of Appeal:[1]

> On September 29, 2003, the defendant entered the home of his cousin Erika K. at approximately 5:05 a.m., while the occupants were asleep. The defendant was wearing a cream-colored glove on his right hand and carrying a knife.
> Erika told responding police officers that the defendant, known to her as "Jo Jo" had entered the residence through the rear kitchen door and jumped on top of his cousin Tobias K, age sixteen, who was sleeping on the couch. Erika believed that the defendant and Tobias were wrestling, until she heard Tobias moaning. Erika pushed the defendant and he charged at her. She went and got Ms. Sanders, the defendant's aunt, who wrestled with the defendant. While Ms. Sanders wrestled with the defendant, Erika removed the knife from his hands.
> The knife was described as a six to eight inch blade with a brown handle. Ms. Sanders had been stabbed in the right arm and leg when she attempted to help Tobias K.
> Ultimately the defendant was arrested and denied involvement. When asked about problems with Tobias, the defendant stated that Tobias had previously burglarized the defendant's sister's residence and stole $40. Then the defendant stated that the reason he stabbed Tobias was that Tobias had stolen from the defendant's sister. The defendant stated that he always carries a knife, and that he did not bring the knife to Tobias' house with the intention of stabbing him.

**B.** <u>**Procedural History**</u>

The state court recited the following procedural history:

> Defendant Leonard Antione Wilson pleaded no contest to attempted second degree murder and assault with a deadly weapon. (citations to the California Penal Code omitted). He admitted that he personally used a knife and personally inflicted great bodily injury in the commission of Count 1. He was sentenced to state prison for 14 years, consisting of the upper term of nine years on Count 1 plus consecutive terms of one year on Count 2, three years for infliction of great bodily injury, and one year for use of a knife. He was awarded 78 days of custody credit and 11 days of conduct credit, and was ordered to pay a $5,600 restitution fine and a $5,600 restitution fine suspended unless parole is revoked.

---

[1] Because petitioner entered a plea of no contest, the underlying facts are not disputed.

1 \*\*\*

2 We requested supplemental briefing examining the impact of
3 Blakely v. Washington, 542 U.S. 296 (2004), on defendant's sentence to the upper term of imprisonment.

4 The California Court of Appeal affirmed the conviction and sentence in a reasoned opinion
5 issued on November 16, 2004. The California Supreme Court denied review "without prejudice
6 to any relief to which defendant might be entitled after this court determines in People v. Black,
7 [35 Cal.4th 1238 (2005)] the effect of Blakely . . . on California law."

## II.  STANDARDS OF REVIEW

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998). The AEDPA does not, however, apply in all circumstances. For instance, when the state court reaches a decision on the merits, but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether the state court clearly erred in its application of Supreme Court law. See Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). Similarly, when it is clear that a state court has not reached the merits of a petitioner's claim, because it was not raised in state court or because the court denied it on procedural grounds, the AEDPA deference scheme does not apply and a federal habeas court must review the claim de novo. See Pirtle v. Morgan, 313 F.3d 1160 (9th Cir. 2002) (holding that the AEDPA did not apply where Washington Supreme Court refused to reach petitioner's claim under its "relitigation rule"); see also Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir. 2002) (holding that, where the state court denied petitioner an evidentiary hearing on perjury claim, AEDPA did not apply because evidence of the perjury was adduced only at the evidentiary hearing in federal court); Appel v. Horn, 250 F.3d 203, 210 (3d Cir.2001) (reviewing petition de novo where state

court had issued a ruling on the merits of a related claim, but not the claim alleged by petitioner). When the state court does not reach the merits of a claim, "concerns about comity and federalism . . . do not exist." Pirtle, 313 F. 3d at 1167.

Where the AEDPA is applicable, federal habeas relief under 28 U.S.C. § 2254(d) is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Lockhart v. Terhune, 250 F. 3d 1223, 1229 (9th Cir. 2001).

Under § 2254(d), federal habeas relief is available where the state court's decision is "contrary to" or represents an "unreasonable application of" clearly established law. In Williams v. Taylor, 529 U.S. 362 (2000) (O'Connor, J., concurring, garnering a majority of the Court), the United States Supreme Court explained these different standards. A state court decision is "contrary to" Supreme Court precedent if it is opposite to that reached by the Supreme Court on the same question of law, or if the state court decides the case differently than the Supreme Court has on a set of materially indistinguishable facts. See id. at 405. A state court decision is also "contrary to" established law if it applies a rule which contradicts the governing law set forth in Supreme Court cases. See id. In sum, the petitioner must demonstrate that Supreme Court precedent requires a contrary outcome because the state court applied the wrong legal rules. Thus, a state court decision applying the correct legal rule from Supreme Court cases to the facts of a particular case is not reviewed under the "contrary to" standard. See id. at 406. If a state court decision is "contrary to" clearly established law, it is reviewed to determine first whether it resulted in constitutional error. See Benn v. Lambert, 293 F.3d 1040,

4

1052 n.6 (9th Cir. 2002).  If so, the next question is whether such error was structural, in which case federal habeas relief is warranted.  See id.  If the error was not structural, the final question is whether the error had a substantial and injurious effect on the verdict, or was harmless.  See id.

A state court decision is reviewed under the far more deferential "unreasonable application of" standard where it identifies the correct legal rule from Supreme Court cases, but unreasonably applies the rule to the facts of a particular case.  See id.; see also Wiggins v. Smith, 123 S.Ct. 252 (2003).  While declining to rule on the issue, the Supreme Court in Williams, suggested that federal habeas relief may be available under this standard where the state court either unreasonably extends a legal principle to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply.  See Williams, 529 U.S. at 408-09.  The Supreme Court has, however, made it clear that a state court decision is not an "unreasonable application of" controlling law simply because it is an erroneous or incorrect application of federal law.  See id. at 410; see also Lockyer v. Andrade, 123 S.Ct. 1166, 1175 (2003).  An "unreasonable application of" controlling law cannot be found even where the federal habeas court concludes that the state court decision is clearly erroneous.  See Lockyer, 123 S.Ct. at 1175.  This is because ". . . the gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."  Id.  As with state court decisions which are "contrary to" established federal law, where a state court decision is an "unreasonable application of" controlling law, federal habeas relief is nonetheless unavailable if the error was non-structural and harmless.  See Benn, 283 F.3d at 1052 n.6.

### III.  DISCUSSION

Petitioner claims that his negotiated sentence violated his Sixth Amendment rights under Blakely v. Washington, 542 U.S. 296 (2004).  Specifically, petitioner states: "Trial court's imposition of upper term, following petitioner's guilty plea, violated his Sixth Amendment right to a jury trial," and "Judicial factfinding permitted under California law to

impose an upper term sentence violates petitioner's 6th Amendment rights."  In addressing these claims, the state court said:

> Applying the Sixth Amendment to the United Stated Constitution, the United States Supreme Court held in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be tried to a jury and proved beyond a reasonable doubt. <u>Id.</u> at 490.  For this purpose, the statutory maximum is the maximum sentence that a court could impose based solely on facts reflected by a jury's verdict or admitted by the defendant.  Thus, when a sentencing court's authority to impose an enhanced sentence depends upon additional fact findings, there is a right to a jury trial and proof beyond a reasonable doubt on the additional facts.  <u>Blakely</u>, 159 L.Ed.2d at 413-14.
>
> Relying on <u>Apprendi</u> and <u>Blakely</u>, defendant claims that the trial court erred in imposing the upper term on both counts because the court relied upon facts not submitted to the jury and proved beyond a reasonable doubt, thus depriving him of the constitutional right to a jury trial on facts legally essential to the sentence.
>
> This contention fails because defendant did not raise the issue in the trial court.  See <u>United States v. Cotton</u>, 535 U.S. 625 (2002). . . .

Thus, the California court rejected petitioner's <u>Blakely</u> claim, finding that it was defaulted under the "contemporaneous objection rule" which requires objection in the trial court.  While the state court sua sponte addressed whether <u>Blakely</u> impacts consecutive sentencing – an issue not raised in the instant federal petition – the state court did not reach the merits of petitioner's claims.  Because there is no state court opinion on the merits, this court reviews to determine if there was constitutional error, to the extent a procedural bar does not apply.

As to the contemporaneous objection rule, respondents argue that petitioner's claim is barred because he procedurally defaulted by not objecting at the time of sentencing. Based on concerns of comity and federalism, federal courts will not review a habeas petitioner's claims if the state court decision denying relief rests on a state law ground that is independent of federal law and adequate to support the judgment.  See <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991); <u>Harris v. Reed</u>, 489 U.S. 255, 260-62 (1989).  Generally, the only state law grounds meeting these requirements are state procedural rules.  Even if there is an independent and adequate state ground for the decision, the federal court may still consider the claim if the

petitioner can demonstrate: (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice. See Harris, 489 U.S. at 262 (citing Murray v. Carrier, 477 U.S. 478, 485, 495 (1986)). In Rich v. Calderon, 187 F.3d 1064, 1066 (9th Cir. 1999), and Van Sickel v. White, 166 F.3d 953 (9th Cir. 1997), the Ninth Circuit held that California's contemporaneous objection rule is an adequate and independent state procedural rule when properly invoked by the state courts. Here, the default was properly invoked by the state court. Because petitioner has not offered any argument in support of cause or prejudice, the court finds that petitioner procedurally defaulted on his claim and, therefore, review by this court is barred.

        Even if review were not barred, petitioner would still not be entitled to relief on the merits of his claim. Petitioner's claim is, in essence, a challenge to California's determinate sentencing law which permits the trial court to sentence a defendant to a low term, middle term, or upper term sentence for a given offense. The law gives the trial judge discretion in selecting an appropriate term based on facts found by the judge (as opposed to facts found by a jury). As to petitioner's claim that an upper-term sentence violates Blakely because it allows for imprisonment based on facts found by the judge, the court finds no constitutional error. Specifically, an upper-term sentence would be the statutory maximum allowed by the determinate sentencing law for a given offense. Here, petitioner admitted to the facts of the offense, thereby establishing his guilt and punishment up to the upper term. Therefore, in selecting the upper term, the trial court did not impose a sentence beyond the statutory maximum.

        The California Supreme Court recently addressed this issue in People v. Black, 35 Cal.4th 1238 (2005), and explained:

> [I]n operation and effect, the provisions of the California determinate sentence law simply authorize a sentencing court to engage in the type of factfinding that traditionally has been incident to the judge's selection of an appropriate sentence within a statutorily prescribed sentencing range. Therefore, the upper term is the "statutory maximum" and a trial court's

          imposition of an upper term sentence does not violate a defendant's right to a jury trial under the principles set forth in . . . <u>Blakely</u>.

35 Cal.4th at 1254.[2]

## IV.  CONCLUSION

        Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus be denied and that the Clerk of the Court be directed to enter judgment and close this file.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 19, 2006.

                                              /s/ Craig M. Kellison
                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] Respondents note that the United States Supreme Court has granted certiorari in a case raising the issue of whether <u>Blakely</u> applies to California's determinate sentencing law. The court, however, declines to adopt respondents' suggestion that this case be stayed pending resolution of the issue by the Supreme Court.